HIMELHOCHS OF NORTHLAND, INCORPORATED
*v.*
MICHIGAN STATE TAX COMMISSION

1. TAXATION—PERSONAL PROPERTY—PARTITION WALLS—LEASES.
   Partition walls are a lessee's personal property only if so contractually designated by the lease or if declared so by statute.

2. TAXATION—STATUTES—CONSTRUCTION OF STATUTES.
   Tax laws may not be extended by implication nor forced construction.

3. TAXATION—PERSONAL PROPERTY—PARTITION WALLS—LEASES.
   Partition walls are not the lessee's personal property for tax purposes where the lease provides that they are the landlord's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur 2d, Fixtures §§ 35, 36, 98.
[2] 51 Am Jur, Taxation § 308 *et seq.*
[3, 5] 51 Am Jur, Taxation § 418.
   49 Am Jur 2d, Landlord and Tenant § 355.
   Clause of lease providing for payment of taxes by lessor as applicable to increase in real estate taxes occasioned by lessee's improvements. 68 ALR2d 1289.
   Liability as between lessor and lessee, where lease does not specify, for taxes and assessments. 86 ALR2d 670.
[4] 51 Am Jur, Taxation § 418.
   49 Am Jur 2d, Landlord and Tenant § 355.

property and where the lessee rents a store which is part of a building and does not lease the land on which the store is situated thus excluding the partition walls as taxable improvements on leased land (MCLA § 211.8(6)).

4. TAXATION—FIXTURES—PARTITION WALLS—REAL PROPERTY.
   Partition walls are taxable as real property if they are fixtures (MCLA § 211.2).

5. FIXTURES—PARTITION WALLS.
   Partition walls are fixtures where they are annexed to the building, expressly installed to delineate one store from other stores in the same building, and, according to the lease, remain as part of the premises after the lease has terminated.

Appeal from Michigan State Tax Commission. Submitted Division 2 May 6, 1970, at Lansing. (Docket No. 7,479.) Decided August 25, 1970. Leave to appeal denied December 15, 1970. 384 Mich 789.

Complaint by Himelhochs of Northland, Inc. against Michigan State Tax Commission and City of Southfield to set aside an order assessing property taxes on partition walls of leased property. Leave to appeal granted. Order vacated.

*Butzel, Levin, Winston & Quint (Morris W. Stein,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone (Samuel J. Mc-Kim III,* of counsel), for defendant City of Southfield.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

ROBERTS, J. On or about March 15, 1966, Himelhochs of Northland, Inc., the appellant herein, entered into a lease agreement with Northland Center

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(also referred to as "landlord"). Said agreement leased for commercial use, approximately 32,618 square feet of floor area in a portion of the Northland Shopping Center for a 20-year period.

The lease contained the following provision:

"All alterations, additions, improvements and fixtures, other than trade fixtures, which may be made or installed by either of the parties hereto upon the premises and which in any manner are attached to the floors, walls or ceilings shall be the property of the landlord and at the termination of this lease shall remain upon and be surrendered with the premises as a part thereof, without disturbance, molestation or injury. Any linoleum or other floor covering of similar character which may be cemented or otherwise adhesively affixed to the floor of the herein leased premises shall be and become the property of landlord, absolutely. The term 'trade fixtures' as used in this section shall be construed as including any and all electrical fixtures."

Pursuant to the terms of the lease the landlord agreed to construct a second floor addition to the existing one-story rented premises. The lease further contemplated that appellant would make further improvements to the premises including certain partition walls. The partition walls were constructed and were found by the Michigan State Tax Commission to have a true cash value of $186,859. The tax commission held that the partition walls constituted leasehold property and assessed appellant accordingly. The State Tax Commission has filed no brief in this Court.

Appellant Himelhoch's requests that this Court reverse the Michigan State Tax Commission's findings. Specifically, appellant argues that the partition walls are not personal property and therefore not properly assessable to Himelhoch's. Appellant

further contends that the ruling of the tax commission was a gross misinterpretation of the general property tax act.** A review of the record and applicable law persuades us that the tax commission's ruling must be set aside.

The essential question here to be decided is whether the tax commission erred when it construed the partition walls to be appellant's personal property, and therefore assessable to it.

The partition walls can be considered appellant's personal property only if so contractually designated by the parties to the instant lease or if declared so by statute. Article XII, § 2 of the lease (set out above) clearly provides that the partition walls here at issue become the landlord's property upon installation. Thus, as a contractual matter the partition walls are not assessable to appellant.

Are the partition walls assessable to appellant pursuant to the general property tax law? In considering this question we are guided by the governing principle that tax laws may not be extended by implication or forced construction. *Garavaglia* v. *Department of Revenue* (1953), 338 Mich 467; *Fidlin* v. *Collison* (1967), 9 Mich App 157.

MCLA § 211.8 (Stat Ann 1970 Cum Supp § 7.8) defines "personal property". The phrase "partition walls" does not specifically appear in the statutory definition. Appellee City of Southfield argues that MCLA § 211.8(6) sustains its contention that the partition walls are personal property because the partition walls are "improvements situate upon leased lands." We disagree. As appellant points out in its brief on appeal, appellant is not the lessee

---

** MCLA § 211.1 *et seq.* (Stat Ann 1960 Rev § 7.1 *et seq.*) as amended.

of land but rather the lessee of a store which is part of a building.

The partition walls are, however, "real property" as defined in MCLA § 211.2 (Stat Ann 1970 Cum Supp § 7.2) inasmuch as they are properly considered "fixtures". The partition walls in the case at bar are annexed to the building and were expressly installed to delineate appellant's store from those of other merchants utilizing the same building. According to the lease, the partition walls remain as part of the premises. Under Michigan law the instant partition walls are properly treated as fixtures. *Colton* v. *Michigan Lafayette Building Co.* (1934), 267 Mich 122; *Sequist* v. *Fabiano* (1936), 274 Mich 643; *In Re Slum Clearance* (1952), 332 Mich 485.

Since Article XII of the lease declares that these fixtures belong to the landlord, it is obvious that appellant is being improperly taxed upon real property which it does not own.

The April 29, 1969, order of the tax commission is vacated. Appellee tax commission is ordered to substract the sum of $186,859 from its previous valuation of appellant's taxable personal property. Costs to appellant.

All concurred.