THE E. F. MacDONALD COMPANY v DEPARTMENT OF
TREASURY

1. Taxation—Intangible Property—Statutes—Situs—Jurisdiction
—Exceptions.

    Generally the situs attributed to intangibles has been the domi-
    cile of their owner, however, a state may establish statutory
    exceptions to the general rule and thereby place a tax upon
    intangibles localized within the taxing jurisdiction even though
    the owner is domiciled in another state.

2. Statutes—Proviso—Limits—Presumptions—Interpretation of
    Statutes.

    A proviso clause in a statute is used to qualify what immediately
    precedes it in the section and is to be accepted according to its
    natural, common and obvious meaning, but it is not limited to
    restricting only the section to which it is attached and is not
    presumed to apply only to preceding sections merely because of
    its location.

3. Statutes—Amendments—Construction—Courts—Decisions.

    Amending legislation should be liberally construed to correct
    defects in previous statutes and should be interpreted in light
    of the rationale of court decisions which prompted the amend-
    ment.

4. Taxation—Intangible Property—Allocation—Situs—Statutes.

    Taxable situs within this state is established by statute for
    intangible property owned by persons domiciled in Michigan
    whose property is not otherwise covered under the exception

References for Points in Headnotes

[1, 4, 5, 7] 71 Am Jur 2d, State and Local Taxation §§ 667, 677.
    "Business situs" for purposes of property taxation of intangibles in
    state other than domicil of owner. 143 ALR 361.
    Domicil of debtor within state, or location therein of real property
    securing debt, as giving debt to nonresident a situs within state
    for purpose of property taxation. 160 ALR 788.
[2] 73 Am Jur 2d, Statutes §§ 312, 317–321.
[3] 73 Am Jur 2d, Statutes § 254.
[6] 71 Am Jur 2d, State and Local Taxation §§ 22, 260.

clauses, for property used in connection with a nonresident owner's business in this state or which is invested in the course of repeated transactions in obligations of Michigan residents or secured by Michigan property, and for the property of nonresident owners used in connection with the owner's business both within and outside of the state to the extent that it satisfies the allocation formula proposed by statute.

5. Taxation—Business Activities—Relationship—Jurisdiction.

Taxation imposed as a consequence of the relationship between a taxpayer and the state must be sufficiently and fairly related to the taxpayer's business activities within the state; the sovereign authority of a state being territorial, the taxing power is limited to persons and property within, or constructively within, its jurisdiction.

6. Constitutional Law—Taxation—Limitations—Nature and Effect—Designation.

Constitutional limitations on the taxation powers of a state are to be determined by examining the nature and effect of a tax, not its name or designation.

7. Taxation—Situs—Intangible Property—Nonresident Business —Interest—General Funds.

A situs for taxable jurisdiction is not established for an intangibles tax where the only connection between the state and intangible property of a nonresident business is that the interest produced by the intangibles is available as part of the general cash account for use by the Michigan branch of the nonresident business.

Appeal from Ingham, Donald L. Reisig, J. Submitted June 5, 1975, at Lansing. (Docket No. 20874.) Decided July 22, 1975.

Petition by E. F. MacDonald Co. to the State Board of Tax Appeals for reduction of a tax assessment by the Department of Treasury. Assessment reduced. Department of Treasury appealed to Circuit Court. Affirmed. Defendant appeals by leave granted. Affirmed.

*Shaman, Winer, Shulman & Ziegler* and *Dennis L. Hall,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The Department of Treasury appeals from a June 3, 1974, order of the Ingham County Circuit. Court which affirmed a May 10, 1973, opinion and order of the State Board of Tax Appeals. The board had reduced plaintiff's intangibles tax assessment for the fiscal period of February 1, 1962, through February 2, 1969.

The E. F. MacDonald Company (hereafter "MacDonald") was incorporated in Delaware and operates an international sales incentive and promotion business from its home office in Dayton, Ohio. MacDonald was admitted to do business in Michigan in June of 1961.

In 1967 MacDonald purchased a grocery store chain, which it incorporated as a subsidiary, E. F. MacDonald Shopping Bag Food Stores, Inc, also a Delaware corporation. The subsidiary operates from its headquarters in California and does not do business in Michigan. MacDonald acquired a $28,226,395 note receivable from the subsidiary. MacDonald also possesses receivables for advances to foreign subsidiaries in the amounts of $605,891.61 and $914,386.82 for the fiscal years ending in 1968 and 1969. MacDonald did not file intangible tax returns with Michigan from the time it began operating in the state through February 2, 1969.

On November 10, 1970, the Department of Treasury issued an assessment against MacDonald for

$9,010.58 in taxes plus $1,305.48 in interest. The assessment was based on the receivables as intangible personal property pursuant to MCLA 205.131 *et seq.;* MSA 7.556(1) *et seq.* The attempted taxation applied the statutory apportionment formula of MCLA 205.142; MSA 7.556(12) to the total intangible assets of MacDonald.

MacDonald filed a timely petition with the State Board of Tax Appeals on December 4, 1970. In an opinion and order dated May 10, 1973, the board reduced the assessment to $1,276.97 by eliminating the receivables from the tax computations. The rationale for this holding was given in the opinion as follows:

"After careful deliberation of all contentions presented, there remains the key determination, whether the Appellant's inter-company loans and receivables, were in any way used in the conduct of Appellant's business in Michigan. Appellee's efforts tend to prove that the income produced by these loans and notes receivable finds its way into the general cash fund utilized by the Michigan branch, as well as other branches. It is our opinion that the Appellee should not look to the use of income from the intangible, but to the use of the intangible asset itself, to determine if *it* was used in the conduct of business in Michigan. The record does not disclose that the intangible assets in question were used in the conduct of Appellant's business in Michigan, and therefore, fails to reflect any basis for a Michigan 'situs' as defined in Section 1(c) of the Intangible Tax Act." (Emphasis in the original.)

The Department of Treasury appealed as of right to the circuit court which, after oral arguments and briefs were submitted, rendered an opinion affirming the State Board of Tax Appeals on May 20, 1974. The circuit court, however, grounded its determination that the assessment

was erroneous on its construction of MCLA 205.131; MSA 7.556(1). Application for leave to appeal to this Court was granted November 19, 1974.

The Michigan intangibles tax act[1] imposes a tax on the privilege of ownership of intangible personal property such as moneys on deposit, shares of stock, notes receivable, and bonds. The general rule for the imposition of a property tax is that the property must have a "situs" within the taxing state. *Wheeling Steel Corp v Fox,* 298 US 193, 208; 56 S Ct 773; 80 L Ed 1143 (1936). The situs of tangible personal property and real property is less difficult to establish than that of intangible personalty because of the absence of physical characteristics in the latter. See generally 21 *Michigan Law and Practice,* Taxation, §§ 22–25, pp 270–274. Generally, the situs attributable to intangibles has been the domicile of their owner. *Wheeling Steel Corp, supra,* at 209. See also *In re Truscon Steel Co,* 246 Mich 174; 224 NW 653 (1929). However, within constitutional limits, a state may establish statutory exceptions and thereby place a tax upon intangibles localized within the taxing jurisdiction even though the owner is domiciled in another state. *Wheeling Steel Corp v Fox, supra.*

"Situs" in Michigan for intangible personalty is defined by statute in MCLA 205.131(c); MSA 7.556(1)(c):

"The 'situs' of intangible personal property for the purpose of taxation under the provisions of this act shall be the domicile of the owner thereof, except that any intangible personal property, not otherwise exempt under the laws of this state, owned by a person having his domicile outside of this state but used in connection with the conduct of his business in Michigan, or placed

---

[1] 1939 PA 301. MCLA 205.131; MSA 7.556(1).

in the hands of a manager or agent in Michigan to the extent that such intangible personal property is invested in a course of repeated transactions in obligations of persons residing in Michigan or secured by property located in Michigan, shall be deemed to have a situs at the place of business, or where such manager or agent resides, as the case may be, within this state; and except that intangible personal property owned by a person domiciled in Michigan but used in connection with the conduct of his business outside of Michigan, or placed in the hands of a manager or agent outside of Michigan to the extent that such property is invested in a course of repeated transactions in obligations or persons residing outside of Michigan or secured by property located outside of Michigan, shall be deemed not to have a situs in Michigan: Provided, That in the case of intangible personal property used in connection with the conduct of the owner's business both within and outside the state of Michigan, all such property shall be deemed to have a 'situs' in this state to the extent of the percentage of the whole of such property as determined by the allocation formula set forth in section 12 of this act."

The dispute in this case centers around the proviso clause in this statute which authorizes the use of the allocation formula of MCLA 205.142; MSA 7.556(12) in order to determine the tax due from intangibles "used in connection with the conduct of the owner's business both within and outside of this state". The circuit court held that this clause is inapplicable, and hence that the statute does not authorize the tax under the circumstances for the property of a non-resident corporation. The court held that the proviso applied only to the second exception clause, namely, that the allocated tax on property used both within and outside of Michigan applied only to property owned by Michigan residents. This holding was based on the necessity for statutory taxa-

tion to be unequivocal[2] and on the principle that a proviso clause should be applied only to the nearest preceding clause.

We cannot agree with the statutory construction imposed by the circuit court for two reasons. First, the modern rule of statutory construction is that a proviso clause is not limited to restricting only the section to which it is attached. A proviso is not presumed to apply only to preceding sections merely because of its location. See 2A Sands, Sutherland Statutory Construction, § 47.09, p 84. See also *Saginaw County Township Officers Association, Inc. v City of Saginaw,* 373 Mich 477; 130 NW2d 30 (1964), and *Melvin v Reading,* 346 Mich 348; 78 NW2d 181 (1956).

Second, it is a rule of statutory construction that amending legislation should be liberally construed so as to correct defects in previous statutes. *People v Gould,* 237 Mich 156, 163; 211 NW 346 (1926). Amended statutes should be interpreted in light of the rationale of court decisions which prompted the amendment. See generally, 21 Michigan Law and Practice, Statutes, § 100, p 118.

The original intangibles tax act[3] did not include a proviso for allocating situs. This was amended in 1945[4] to add a proviso substantially similar to the one presently in MCLA 205.131(c); MSA 7.556(1)(c). The proviso, however, was located after the first exception clause and thus was held to pertain only to personal property owned by non-residents and used in their Michigan business. This statutory

---

[2] Ambiguities in a statute imposing a tax are interpreted in favor of the taxpayer. *Ecorse Screw Machine Products Co v Corporation & Securities Commission,* 378 Mich 415, 418; 145 NW2d 46 (1966). *Himelhochs of Northland, Inc v Michigan State Tax Commission,* 26 Mich App 172, 175; 182 NW2d 105 (1970).

[3] 1939 PA 301.

[4] 1945 PA 165.

scheme was ruled a violation of equal protection under the fourteenth amendment in *Cleveland-Cliffs Iron Co v Department of Revenue,* 329 Mich 225; 45 NW2d 46 (1950). Thereafter the statute was amended[5] by eliminating a reference in the proviso clause which limited its application to an owner not domiciled in Michigan and by changing the position of the proviso clause so that it followed both exception clauses.[6] From this statutory and judicial history, it is clear that the proviso clause was intended to apply to both residents and nonresidents as to the allocation of situs. Thus, the circuit court's construction of the statute was erroneous.

MCLA 205.131; MSA 7.556(1) establishes situs in three situations. First, situs is established for intangible property owned by persons domiciled in Michigan—if the property is not otherwise covered under the exception clauses of the statute. Second, a "business situs" is deemed to exist for property used in connection with a nonresident owner's business in Michigan or invested in the course of repeated transactions in obligations of Michigan residents or secured by Michigan property. Third, under the proviso clause of the statute, the property of nonresident owners which is "used in connection with the owner's business" both within and outside of the state has a Michigan situs to the extent that it satisfies the allocation formula. It is this third class of situs with which we are concerned in the present case.

The Board of Tax Appeals applied the facts of the case to the proviso clause of the statute and decided that the record did not support the conclu-

[5] 1951 PA 246.

[6] Except for an amendment to the statute not involving the definition of "situs" in 1964 PA 134, the statute reads today as it did after the 1951 amendment.

sion that the intangible assets were "used in the conduct" of MacDonald's business in Michigan.[7] The use in Michigan of income of the intangible, as compared with use of the intangible itself, was held to be insufficient to constitute situs under the statute. The appellant urges that the board utilized an improper legal standard since the statute establishes situs for intangibles "used *in connection with* the conduct of the owner's business". (Emphasis added.)

The Board of Tax Appeals must, of course, utilize the standards expressed in the statutory provisions. However, the semantical difference between the two disputed phrases is not critical in this case because of the general nature of the phrase used in the statute. Our construction of the statute is that it is intended to insure that the taxation imposed as a consequence of the relationship between the taxpayer and the state is sufficiently and fairly related to the taxpayer's business activities within the state. The use of such expansive language enables the collection of all revenue constitutionally permissible. This construction of the statute necessitates an application of the constitutional limits of the taxation power to the facts and circumstances of this case.

The note receivable from E. F. MacDonald Shopping Bag Food Stores to the appellee was made in Ohio and arose from business activities in California. The only connection between the note and the state of Michigan is that the income from the receivable is available for use, as part of MacDonald's general cash account, by the Michigan branch of the business, as well as branches in other states. No other use of the receivable in

---

[7] *See* Stanley, Tunstall & Opper, *State and Local Taxation,* 20 Wayne L Rev 611, 631–633 (1974).

connection with the conduct of MacDonald's Michigan business has been demonstrated.[8] These same generalizations can be made in regard to the receivables resulting from the advances to foreign subsidiaries.

To these facts, we must apply constitutional principles. Constitutional limitations are to be determined by examining the nature and effect of a tax, not its name or designation. *Wisconsin v J. C. Penney Co,* 311 US 435; 61 S Ct 246; 85 L Ed 267; 130 ALR 1229 (1940). The sovereign authority of a state being territorial, the taxing power is limited to persons and property within, or constructively within, its jurisdiction. *Alpha Portland Cement Co v Massachusetts,* 268 US 203; 45 S Ct 477; 69 L Ed 916 (1925).

No single test has been agreed upon for determining whether actual or constructive situs exists for intangible property. In *Wheeling Steel Corp v Fox, supra,* which involved the constitutionality of a West Virginia intangibles tax, the court stated that a chose of action,

" 'may acquire a situs for taxation other than at the domicile of their owner, if they have become integral parts of some local business.' " 298 US 193, 210.

*Wheeling* held that, although the corporation was domiciled in another state, since all the major decisions concerning the direction and control of the intangibles were made in the West Virginia offices, the tax was properly imposed. Had the property been "localized" elsewhere, due process

---

[8] Findings of fact by the State Board of Tax Appeal will not be disturbed on appeal where they are supported by competent evidence. *Duluth, South Shore & Atlantic R Co v Corporation & Securities Commission,* 353 Mich 636; 92 NW2d 22 (1958), *appeal dismissed* 359 US 310; 79 S Ct 876; 3 L Ed 2d 831 (1959).

would prevent the tax imposition. 298 US 193, 210, 214.[9]

Other courts have found taxable jurisdiction for intangibles where the taxing state has conferred upon the taxpayer or property the protection and benefit of the laws of the state. *Curry v McCanless,* 307 US 357; 59 S Ct 900; 83 L Ed 1339 (1938). *First Bank Stock Corp v Minnesota,* 301 US 234; 57 S Ct 677; 81 L Ed 1061 (1937).

The most relevant case in Michigan on this question is *Cleveland-Cliffs Iron Co v Department of Revenue,* 329 Mich 225; 45 NW2d 46 (1950), in which the state sought to tax intangibles acquired through past profits arising from the taxpayer's Michigan business. The taxpayer was principally located in Cleveland, Ohio, and its activities in Michigan were under the management and control of that office. The court concluded that an "actual situs" had not been established to justify the tax.

The Department of Treasury relies upon the case of *Cleveland-Cliffs Iron Co v Corporation and Securities Commission,* 351 Mich 652; 88 NW2d 564 (1958). That case, however, involved the validity of the franchise fee, MCLA 450.304; MSA 21.205. A franchise tax is jurisdictionally based upon the privilege of conducting systematic business activities within the state. *Cleveland-Cliffs Iron Co, supra,* at 680. An intangibles tax is a tax on specific property within the jurisdiction. The second *Cleveland-Cliffs* case expressly pointed out this distinction between its holding and that of the prior case. *Id.* at 682, 692.

Applying the above precedent to the present

---

[9] Other courts have utilized this standard. *See Peter Kiewit Sons', Inc v County of Douglas,* 172 Neb 710; 111 NW2d 734 (1961), *Davis v Oklahoma Tax Commission,* 488 P2d 1261 (Okla 1971). *See also* Annotation, *"Business situs" for purposes of property taxation of intangibles in state other than domicile of owner,* 143 ALR 361.

facts, we conclude that the tax imposed is not fairly related to the connection between the receivables and the state of Michigan. As such it would be a due process violation to assess such a tax. Where the only connection between the state and the intangibles is that the interest produced by the intangibles is available as part of the general cash account for use by the Michigan branch of the nonresident business, a situs for taxable jurisdiction is not established.

Affirmed. No costs are awarded as a public question is here involved.