BOISE CASCADE CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 78-405. Submitted December 12, 1978, at Detroit.—Decided February 20, 1979. Leave to appeal applied for.

Boise Cascade Corporation and Boise Cascade Home and Land Corporation do business in Michigan and other states. They filed suit against the Michigan Department of Treasury to compel the refund of intangible taxes which were paid under protest. Plaintiffs own certain income producing property (receivables) located outside the State of Michigan. At issue is whether these intangibles have a situs in Michigan subjecting them to the intangibles tax act. Defendant collected the taxes on the theory that the use in Michigan of the income from those receivables establishes a sufficient nexus between this state and the property to warrant imposition of the tax. Summary judgment for plaintiffs, Wayne Circuit Court, Patrick J. Duggan, J. Defendant appeals. *Held:*

The use of income in Michigan from intangible property located in another state does not generate a Michigan tax situs in that property.

Affirmed.

Danhof, C.J., dissents. He would hold that for the tax period involved in the instant case the actual use of income from intangible property located in another state by a Michigan business establishes a Michigan tax situs for the assessment of intangible taxes. He would reverse the lower court and remand for a trial to determine whether such use has been made by the plaintiffs.

OPINION OF THE COURT

1. TAXATION — INTANGIBLE PROPERTY — SITUS — NONRESIDENT BUSINESS — JURISDICTION.

A situs for taxable jurisdiction is not established for an intangi-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 71 Am Jur 2d, State and Local Taxation §§ 671-674.
    Property tax: Business situs of intangibles held in trust in state other than beneficiary's domicil. 59 ALR3d 837.
[2, 3] 71 Am Jur 2d, State and Local Taxation § 666.

bles tax where the only connection between the state and intangible property of a nonresident business is that the interest produced by the intangibles is available as part of the general cash account for use by the Michigan branch of the nonresident business.

2. TAXATION — INTANGIBLE PROPERTY — SITUS — NONRESIDENT BUSINESS — JURISDICTION.

    A situs for taxable jurisdiction is not established where the state treasury's assessment is based upon a number of nonresident receivables which bear no relation to Michigan other than the fact that income from interest paid on these receivables is sent to Michigan for use in the taxpayer's Michigan operations; the use of income in Michigan from intangible property located in another state does not generate a Michigan tax situs in that property.

### DISSENT BY DANHOF, C.J.

3. TAXATION — INTANGIBLE PROPERTY — SITUS — NONRESIDENT BUSINESS — JURISDICTION.

    *A Michigan tax situs for assessment of intangible taxes is established where the income from intangible property located in another state is used in a Michigan business.*

*Roger K. Timm,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lawrence W. Morgan,* Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

RILEY, J. Plaintiffs, Delaware corporations doing business in Michigan and other states, filed suit to compel the refund of intangible taxes which were paid under protest. Plaintiffs' motion for summary judgment was granted and defendant appeals as of right.

It is uncontested that plaintiffs own certain

income producing intangible property, *i.e.* receivables, located outside the State of Michigan. At issue is whether these intangibles have a "situs" in Michigan subjecting them to the intangibles tax act, MCL 205.131 *et seq.;* MSA 7.556(1) *et seq.* Defendant alleges that the use in Michigan of the income from those receivables establishes a sufficient nexus between this state and the property to warrant imposition of the tax. We do not agree.

In pertinent part, MCL 205.131(c); MSA 7.556(1)(c) states:

"Provided, [t]hat in the case of *intangible personal property used in connection with the conduct of the owner's business* both within and outside the state of Michigan, all such property shall be deemed to have a 'situs' in this state to the extent of the percentage of the whole of such property as determined by the allocation formula set forth in section 12 of this act." (Emphasis supplied.)

In construing this provision, *The E F MacDonald Co v Dep't of Treasury,* 62 Mich App 626, 637; 233 NW2d 678 (1975), held that

"Where the only connection between the state and the intangibles is that the interest produced by the intangibles is available as part of the general cash account for use by the Michigan branch of the nonresident business, a situs for taxable jurisdiction is not established."

In *MacDonald* the note receivable from a company which did not operate in Michigan, to the taxpayer, was made in Ohio and arose from business activities in California. The only connection between the note and the State of Michigan was that the income from the receivable was available for use, as part of MacDonald's general cash ac-

count, by the Michigan branch of the business, as well as branches in other states. No other use of the receivable in connection with the conduct of MacDonald's Michigan business was demonstrated. Similarly, in this case the treasury's assessment is based on a number of receivables which bear no relation to Michigan other than the fact that the income from interest paid on those notes is sent to Michigan for the use of the taxpayers' Michigan operations.

In making its determination the *MacDonald* Court affirmed the Board of Tax Appeals decision which it described as follows:

"The Board * * * applied the facts of the case to the proviso clause of the statute and decided that the record did not support the conclusion that the intangible assets were 'used in the conduct' of MacDonald's business in Michigan. *The use in Michigan of income of the intangible, as compared with use of the intangible itself, was held to be insufficient to constitute situs under the statute.*" (Emphasis supplied.) 62 Mich App at 633-634.

See also, *National Gypsum Co v Dep't of Treausry,* State Board of Tax Appeals, docket #953 (1977).

Defendant maintains that *MacDonald* is not controlling since the income from that case was merely "available" and not actually used in Michigan as it purports to show here. This contention is without merit. Our reading of *MacDonald* persuades us that it did not intend to make such a distinction. The use of income in Michigan from intangible property located in another state does not generate a Michigan tax situs in that property. The trial court's order of summary judgment is therefore affirmed.

R. M. MAHER, J., concurred.

Danhof, C.J. *(dissenting).* I dissent. I would hold that for the tax period involved in this case the actual use in a Michigan business of income from intangible property located in another state does generate a Michigan taxable situs in the property. There should be a trial in this case to determine whether such use has been made.

The taxpayer primarily argues that the rule I would establish here is inconsistent with the business situs rule established in a series of United States Supreme Court cases. The Supreme Court's rule has been summarized by one commentator as follows:

"[I]t is necessary under the 'integration doctrine,' in order to authorize taxation, that the intangibles have become an integral part of some business activity, and that their possession and control be localized in some independent business or investment away from the owner's domicil, so that their substantial use and value primarily attach to and become an asset of the outside business, or, in other words, that the local independent business controls and utilizes, in its own operation and maintenance, the intangible property and its income." Anno: *"Business situs" for purposes of property taxation of intangibles in state other than domicile of owner,* 143 ALR 361, 368.

The main factors considered are a continuous course of business or series of transactions within the state where the property is physically located and independent management and control of the property. *Id.*

The leading authority for this so-called "integration" or "localization" doctrine is *Wheeling Steel Corp v Fox,* 298 US 193; 56 S Ct 773; 80 L Ed 1143 (1936). The rule substantially has been codified in this state by the intangibles tax act. The act provides that a Michigan tax situs in intangible

personal property is estabished when the intangible is "placed in the hands of a manager or agent in Michigan to the extent that such intangible personal property is invested in a course of repeated transactions in obligations of persons residing in Michigan or secured by property located in Michigan". MCL 205.131(c); MSA 7.556(1)(c) (amended 1975).

I agree that the situation contemplated to be within the integration rule is not the situation here. However, Michigan's intangibles tax act, before its amendment in 1975, see 1975 PA 229, § (1)(c), contained a broader test for business situs. In addition to the above-quoted clause the statute, before its amendment, provided that a tax situs in this state is established whenever the intangible is "used in connection with the conduct of [the owner's] business in Michigan". MCL 205.131(c); MSA 7.556(1)(c). There was a proviso to allocate taxes on intangibles used in connection with the conduct of the owner's business both within and outside this state. The "use in connection with business" test is of course applicable to the present case since the tax involved was collected for a period prior to the amendment's effective date. In applying that test it is necessary to comprehend the many ways in which an intangible can be used in connection with the conduct of a business.

The majority's restrictive definition of "use" of an intangible misconstrues the nature of such property. Intangible property by its nature has no "physical" use. As the state contends, income producing intangibles are capable of use only to the extent that their income or interest is used or to the extent that the proceeds from their sale or pledge as security are used. In other words, use of the intangible's product is use of the intangible

itself. The majority apparently would hold that if a corporation pledges or sells intangibles and sends the proceeds to its business operation in Michigan, it may be taxed on those intangibles; on the other hand, if the corporation holds on to the intangible and sends the income or interest to its Michigan subsidiary it can avoid the levy. Under the "use in connection with business" test I find these two situations indistinguishable. The test is broad enough to enable taxation of intangibles used in either manner.

*The E F MacDonald Co v Dep't of Treasury,* 62 Mich App 626; 233 NW2d 678 (1975), is distinguishable from the present case. *MacDonald* narrowly held that the mere availability for use in this state of income from intangibles located elsewhere is insufficient to generate a Michigan tax situs in the property. The majority is persuaded that *MacDonald* did not intend a distinction between mere availability for use and actual use. I am persuaded that the former legislation did.

I would reverse the lower court's summary judgment and remand for trial.