BECHTEL POWER CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 63770. Submitted January 4, 1983, at Lansing.—Decided
June 29, 1983. Leave to appeal applied for.

Bechtel Power Corporation calculated its 1976 single business tax
liability to be $911,091 and requested a refund of $88,909 of the
$1,000,000 estimated tax payments it had made. The Depart-
ment of Treasury denied the refund claim and issued a notice
of intent to assess an additional $3,309.42. Following an infor-
mal hearing on the dispute, a department hearings officer
recommended that the additional assessment be finalized. Be-
chtel applied to the Michigan Tax Tribunal for review of the
department's assessment and moved for summary judgment.
The motion was denied and the tribunal *sua sponte* granted
summary judgment in favor of the department. Bechtel ap-
peals. *Held:*

1. The Tax Tribunal did not err in entering summary judg-
ment in favor of the department. Bechtel's method of calculat-
ing its tax allowed an exemption and a deduction for the same
item of "exempt compensation".

2. The issue of how to correctly compute the denominator in
a Single Business Tax Act formula for calculating tax was
neither raised by the parties nor addressed by the Tax Tribunal
and will not be addressed by the Court of Appeals.

3. The Tax Tribunal abused its discretion in refusing to enter
a consent order, stipulated to by both parties, which would
have prevented disclosure by the Tax Tribunal of Bechtel's
1976 single business tax return and various other pertinent
documents and in declaring that the tribunal must make all

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 165.
[2] 71 Am Jur 2d, State and Local Taxation § 8.
   72 Am Jur 2d, State and Local Taxation § 707.
[3] 71 Am Jur 2d, State and Local Taxation § 326.
[4] 2 Am Jur 2d, Administrative Law § 241 *et seq.*
   73 Am Jur 2d, Statutes § 168.
[5] 66 Am Jur 2d, Records and Recording Laws §§ 32, 36.

writings filed with it available to the public, without regard to their confidential nature.

4. The case is remanded for entry of the consent order. In the event a specific request is made by the public for information in the tribunal's file, the tribunal should examine *in camera* the materials requested and delete such identifying details as are necessary to prevent an unwarranted invasion of petitioner's privacy.

Affirmed in part, reversed in part, and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

A court, in construing a statute, must first consider the specific language of the statute itself in order to ascertain and declare the intention of the Legislature.

2. TAXATION — STATUTES — JUDICIAL CONSTRUCTION.

Revenue statutes must be construed against the taxing authority in doubtful cases.

3. TAXATION — EXEMPTIONS FROM TAXATION.

Statutes granting exemption from taxation are to be construed strictly in favor of the taxing unit.

4. ADMINISTRATIVE LAW — STATUTES — JUDICIAL CONSTRUCTION.

Courts, in construing statutes, should give deference to the interpretation given the provision by an administrative agency where the Legislature has properly delegated to that agency the authority to carry out the mandates of the statutes; however, the courts are not bound by the interpretation given by the agency.

5. TAXATION — TAX RETURNS — CONFIDENTIALITY — FREEDOM OF INFORMATION ACT.

Facts or information obtained by the Department of Revenue in connection with the administration of a tax is specifically protected by statute from disclosure by anyone connected with the department; in addition, the Freedom of Information Act exempts from disclosure records or information specifically described and exempted from disclosure by statute; thus, it was error for the Michigan Tax Tribunal to determine that information disclosed in a petitioner's single business tax return and various documents discussing the petitioner's tax and financial information was subject to disclosure under the Freedom of Information Act (MCL 15.243, subd [1][d], 205.28[1][f]; MSA 4.1801[13][1], subd [1][d], 7.657[28][1][f]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Ernest Getz* and *Daniel V. Iannotti),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: Allen, P.J., and Bronson and Wahls, JJ.

Per Curiam. Petitioner appeals as of right from the Michigan Tax Tribunal's April 1, 1982, order granting, *sua sponte,* summary judgment in favor of the Department of Treasury, affirming the department's denial of petitioner's claim for a single business tax refund.

This case involves interpretation of the Single Business Tax Act (SBTA), MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* The facts are not in dispute. Petitioner is a corporation doing business in Michigan with its principal office in San Francisco, California. The central issue focuses on petitioner's 1976 single business tax liability. In its 1976 return, petitioner calculated its tax liability to be $911,-091. Because it had made quarterly estimated tax payments totaling $1,000,000, petitioner requested a refund of $88,909. The department denied petitioner's refund claim and, on May 15, 1978, issued a notice of intent to assess an additional $3,309.42.

Following an informal hearing on petitioner's disputed refund claim and the department's intended deficiency assessment, on August 7, 1979, the hearings referee issued his report denying the refund and recommending that the assessment be finalized. Petitioner applied to the Michigan Tax Tribunal for review of the department's assess-

ment and moved for summary judgment; Tax Tribunal member Roy L. Spencer denied petitioner's motion and granted, *sua sponte,* summary judgment in favor of the department.

The SBTA provides for a specific tax of 2.35% on the "adjusted tax base" of every person with business activity within Michigan that is allocated or apportioned to this state. MCL 208.31; MSA 7.558(31). The provisions of the SBTA pertinent to this appeal read as follows for tax year 1976:

"Sec. 2. (1) For the purposes of this act, the words and phrases defined in sections 3 to 10 shall have the meanings respectively ascribed to them in those sections." MCL 208.2, subd (1); MSA 7.558(2), subd (1).

"Sec. 4. * * * (3) 'Compensation' means all wages, salaries, fees, bonuses, commissions, or other payments made in the taxable year on behalf of or for the benefit of employees, officers, or directors of the taxpayers and subject to or specifically exempt from withholding under section 3401 of the internal revenue code. * * *" MCL 208.4, subd (3); MSA 7.558(4), subd (3).

"Sec. 31. * * * (5) In lieu of the adjustment provided in subsection (2) or (3) a person may elect to reduce the adjusted tax base by the percentage that the compensation divided by the total tax base exceeds 65%. The deduction shall not exceed *35%* of the adjusted tax base." MCL 208.31, subd (5); MSA 7.558(31), subd (5).

"Sec. 35. (1) There shall be *exempt* from the *tax* imposed by this act: * * * (f) Fifty percent of compensation directly related to the completion of construction contracts for the planning, design, construction, alteration, repair, or improvement of real property, for which a bid was submitted or a contract signed on or before September 1, 1975. * * *" MCL 208.35, subd (1)(f); MSA 7.558(35), subd (1)(f). (Emphasis added.)

Petitioner computed its 1976 annual return on the alternate tax computation basis provided by SBTA § 31(5), using all of its "compensation", in-

clusive of that exempt compensation specified in § 35(1)(f), as the numerator of the compensation/ total tax base fraction set forth in § 31(5). Petitioner argues on appeal, as it did before the Tax Tribunal, that, by virtue of the mandate in § 2(1), the term "compensation" used in § 31(5) is as defined in § 4(3). Had the Legislature intended that the numerator of the § 31(5) fraction be "nonexempt compensation", petitioner argues, it could have expressly so provided.

The department has taken the position that, in computing the § 31(5) deduction, the numerator in the compensation/total tax base fraction means compensation less exempt compensation. Accordingly, in recomputing petitioner's tax liability, the department subtracted from the compensation numerator in the § 31(5) fraction that amount of the exemption allowable to petitioner under § 35(1)(f). The department contends on appeal that, having excluded a specific amount of compensation from the scope of taxation pursuant to § 35(1)(f), the Legislature could not possibly have intended to permit inclusion of that excluded compensation for purposes of obtaining further tax relief under § 31(5).

Consistent with the department's position is the opinion of the Tax Tribunal, in which it stated:

"It appears that respondent did not err in its recomputation of petitioner's tax liability. To the extent that specified compensation is *exempt* from *tax,* per subsection 35(1)(f), it is only reasonable to conclude that such exempt compensation should be excluded, *for all purposes,* in arriving at the adjusted tax base subject to tax. Thus, petitioner and respondent having apparently agreed that the exempt compensation should be excluded in arriving at total tax base * * *, said exempt compensation must also be excluded from the total (taxable) compensation which is the numerator of the

subsection 31(5) fraction. To hold as petitioner would urge would to allow petitioner a 'double dip', that is, an exemption and a deduction for the same item of 'exempt compensation'. In giving a reasonable application to the subject provisions, the 'compensation' specified in subsections 4(3) and 31(5) must be deemed to include those items of compensation which are not within the subsection 35(1)(f) exemption."

In construing a statute, a court must first consider the specific language of the statute itself in order to ascertain and declare the intention of the Legislature. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979). As petitioner points out, in doubtful cases, revenue statutes must be construed against the taxing authority. *Ecorse Screw Machine Products Co v Corp & Securities Comm,* 378 Mich 415, 418; 145 NW2d 46 (1966).

Also well-established, however, is the rule that exemption statutes are to be strictly construed in favor of the taxing unit. *Dick & Don's Greenhouse, Inc v Comstock Twp,* 112 Mich App 294, 299; 315 NW2d 573 (1982). Moreover, where the Legislature has properly delegated authority to an administrative agency to carry out the mandates of a statute, the courts should give deference to the agency's interpretation of the provision, although they are not bound thereby. *Judges of 74th Judicial Dist v Bay County,* 385 Mich 710, 727-729; 190 NW2d 219 (1971); *Mutual Life Ins Co of New York v Ins Bureau,* 121 Mich App 386; 328 NW2d 638 (1982).

Applying these rules, we find the reasoning of the Tax Tribunal persuasive and agree with its conclusion that the Legislature could not have intended the taxpayer a " 'double dip', *i.e.,* an exemption and a deduction for the same item of 'exempt compensation'." Accordingly, the tribunal

did not err in entering summary judgment in favor of respondent.[1]

We decline to address the second issue raised by the department on appeal; the correct method of computing the denominator in SBTA § 31(5) was neither raised by the parties below nor addressed by the Tax Tribunal and is not properly before this Court.

Petitioner also contends the Tax Tribunal erred by refusing to enter a consent order, stipulated to by both parties, which would have prevented disclosure by the Tax Tribunal of petitioner's 1976 single business tax return and various documents discussing petitioner's tax and financial information contained in the Tax Tribunal's court file. The Tax Tribunal determined that the information in the file was subject to disclosure under the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* and held that the tribunal must make all writings filed with the tribunal available to the public.

It is clear that the Tax Tribunal is subject to the Freedom of Information Act. MCL 205.746; MSA 7.650(46). Section 13(1)(d) of the act, however, exempts from disclosure "[r]ecords or information specifically described and exempted from disclosure by statute". MCL 15.243, subd (1)(d); MSA

---

[1] Subsequent to the tribunal's decision in this case, § 31 was amended by 1982 PA 414, which added the following sentence to subsection 5:

"For the 1976 tax year and each tax year thereafter, for purposes of computing the deduction allowed by this subsection, as effective for the respective tax year compensation shall not include amounts of compensation exempt from tax under section 35(1)(e) or (f)."

In a supplemental brief, petitioner attacks the constitutionality and retroactive application of the amendment. As application of the amendment in the instant case produces the same result we have reached on the basis of statutory interpretation of § 31(5) prior to its amendment, we decline to address the application or validity of 1982 PA 414 to this case.

4.1801(13), subd (1)(d). Section 28(1)(f), of the Department of Revenue Act, MCL 205.28, subd (1)(f); MSA 7.657(28), subd (1)(f), prohibits anyone connected with the Department of Revenue from divulging "any facts or information obtained in connection with the administration of a tax". Section 13(1)(a) of the Freedom of Information Act, MCL 15.243, subd (1)(a); MSA 4.1801(13), subd (1)(a), permits a public body to exempt from disclosure information "of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy".

Much of the information in the court file is arguably exempt under either or both of those provisions. See *International Business Machines Corp v Dep't of Treasury,* 71 Mich App 526, 540; 248 NW2d 605 (1976). We believe the tribunal abused its discretion in refusing to enter the consent order, and in declaring that the tribunal must make all writings filed with it available to the public without regard to their confidential nature.

We remand for entry of the consent order. In the event a specific request is made by the public for information in the file, the tribunal should then examine *in camera* the materials requested and delete such identifying details as are necessary to prevent an unwarranted invasion of petitioner's privacy. "The task is to separate the kernel of agency statements of law and policy from what would otherwise be confidential or identifying details." *International Business Machines, Inc, supra,* p 540.

Affirmed in part, reversed in part, and remanded.