## ATTARD v ADAMCZYK

Docket No. 77614. Submitted January 10, 1985, at Lansing.—Decided March 4, 1985.

Daniel J. Adamczyk was divorced in 1976 in Macomb Circuit Court from Stephanie Adamczyk. Daniel Adamczyk was awarded custody of the minor children of the marriage, and Stephanie Adamczyk was granted visitation rights. In 1984, Lillian H. Attard, mother of Stephanie Adamczyk, filed a complaint and a motion for an order to show cause in Oakland Circuit Court, the circuit court of the county in which the children were then residing, seeking visitation rights pursuant to the grandparent visitation act, and naming Daniel Adamczyk as defendant. Plaintiff alleged that her daughter's employment caused her daughter to be unable to take full advantage of the visitation schedule provided in the Macomb Circuit Court divorce judgment and sought the same specific visitation rights which had been granted to her daughter by the divorce judgment. Defendant moved for summary judgment on the basis that plaintiff had failed to state a cause of action upon which relief could be granted, arguing that an action for grandparent visitation rights is available only where the parent through whom the grandparent claims a right to visitation is dead or where there is pending in the court a child custody dispute and that neither of these conditions existed. The trial court, James S. Thorburn, J., granted the motion and dismissed plaintiff's complaint. The trial court further, on defendant's motion, granted defendant costs and attorney fees on the basis that plaintiff's claim was frivolous. Plaintiff appealed. *Held:*

1. Since there was no child custody dispute involving the

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230 *et seq.*

73 Am Jur 2d, Summary Judgment § 26 *et seq.*

[2] 24 Am Jur 2d, Divorce and Separation § 1002.

59 Am Jur 2d, Parent and Child §§ 45, 92.

Grandparents' visitation rights. 90 ALR3d 222.

[3] 20 Am Jur 2d, Costs § 25.5.

Construction and application of state statute or rule subjecting party making untrue allegations or denials to payment of costs or attorneys' fees. 68 ALR3d 209.

subject children pending in the Oakland Circuit Court, the trial court properly dismissed plaintiff's complaint, because the conditions precedent to relief in that court under the grandparent visitation statute had not been shown to exist.

2. The trial court erred in granting costs and attorney fees to defendant, since the court rule permitting the assessment of such costs and fees on the basis of the pleading of unreasonable allegations or denials has reference to allegations of fact rather than assertions of disputed issues of law and the primary issue in the present case was a question of law, *i.e.,* whether under the undisputed facts there existed, as a matter of law, a valid statutory cause of action which could be brought in the Oakland Circuit Court.

Affirmed in part, reversed in part.

1. Motions and Orders — Summary Judgment — Failure to State a Claim.

   A motion for summary judgment for failure to state a claim upon which relief may be granted tests only the legal sufficiency of the claim as determined from the pleadings alone; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn therefrom, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. Infants — Grandparents — Visitation Rights — Courts — Actions.

   A complaint for grandparent visitation rights brought in the county in which the grandchild resides pursuant to the grandparent visitation act is properly dismissed where the parents of the child were divorced in another county, both parents are still living, and there is no child custody dispute relating to the child at issue in the court in which the complaint for visitation rights was filed (MCL 722.27b; MSA 25.312[7b]).

3. Pleading — Unwarranted Pleading — Attorney Fees — Court Rules.

   The court rule providing for the award of costs and attorney fees against a party who has made unwarranted pleadings applies only to allegations of fact (GCR 1963, 111.6).

*Herbert L. Kay,* for plaintiff.

*Draugelis, Ashton, Scully & Haynes* (by *Thomas J. Knatz),* for defendant.

Before: ALLEN, P.J., AND J. H. GILLIS and W. J. GIOVAN,* JJ.

J. H. GILLIS, J. Plaintiff appeals as of right from the entry of a judgment granting defendant's motion for summary judgment for failure to state a claim upon which relief could be granted, GCR 1963, 117.2(1).

Pursuant to a judgment of the Macomb County Circuit Court, the marriage between plaintiff's daughter and the defendant was dissolved on September 27, 1976. Under the terms of the divorce judgment, defendant was awarded custody of the couple's two minor children, and specific visitation rights were granted to the plaintiff's daughter.

Plaintiff commenced this action in Oakland County, where the defendant now resides with his children, seeking an order granting the same specific visitation rights which were granted to her daughter under the terms of the divorce judgment. Plaintiff alleged that her daughter's employment required that she travel extensively outside the state, and as a result she has been unable to take full advantage of her specific visitation days. Plaintiff relied upon the so-called "Grandparent Visitation Act", MCL 722.27b; MSA 25.312(7b), to support her request for visitation rights. The circuit court, however, found the statute cited by plaintiff to be inapplicable to the facts of this case and thus granted defendant's motion for summary judgment. We agree and therefore affirm this aspect of the lower court's ruling.

A motion for summary judgment brought under GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted is designed to test the legal sufficiency of the claim as determined from the pleadings alone. The factual alle-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gations of the complaint are to be taken as true, along with any inferences or conclusions which may fairly be drawn therefrom. The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Borsuk v Wheeler,* 133 Mich App 403, 406-407; 349 NW2d 522 (1984).

The statute here at issue, MCL 722.27b; MSA 25.312(7b), provides a means by which a grandparent may seek an order of visitation from the circuit court in the county in which the child resides. However, the circumstance under which such an order of visitation may be available is strictly limited. Section 27b(1) of the statute provides that a grandparent may seek an order of visitation "only if a child custody dispute with the respect to that child is pending before the court". A "child custody dispute" is then defined under § 27b(2) as a proceeding in which any of the following occurs:

"(a) The marriage of the child's parents is declared invalid or is dissolved by the court, or a court enters a decree of legal separation with regard to the marriage.
"(b) Legal custody of the child is given to a party other than the child's parent, or the child is placed outside of and does not reside in the home of a parent, excluding any child who has been placed for adoption with other than a stepparent, or whose adoption by other than a stepparent has been legally finalized." MCL 722.27b(2); MSA 25.312(7b)(2).

It should be obvious that neither of the definitions of a child custody dispute set out in the statute are applicable in the instant case. Subsection (a) does not apply since the marriage of the plaintiff's daughter and defendant had been dissolved by the Macomb County Circuit Court as of September 27,

1976. Further, the children's father was given custody under the terms of the divorce judgment, thus rendering subsection (b) inapplicable. Since the language of the statute is clear and unambiguous, judicial construction is neither required nor permitted. *Perry v Sturdevant Manufacturing Co,* 124 Mich App 11, 15; 333 NW2d 366 (1983). The trial court correctly granted defendant's motion for summary judgment.

Although not necessary for the resolution of this case, we wish to take this opportunity to express our concern over certain procedural and jurisdictional problems we perceive as arising from the provisions of MCL 722.27b; MSA 25.312(7b). Subsection (3) of this statute requires that an action for visitation must be brought in the circuit court of the county in which the grandchild resides. We believe that such a requirement will, in some cases, violate the traditional rule which grants to the trial judge who presided over a divorce action, or his successor, the continuing authority to oversee the parties' compliance with the terms of the divorce judgment. For example, MCL 552.17a; MSA 25.97(1) extends to the trial court having jurisdiction over the parties to a divorce the authority to direct an order of custody and support governing children of the marriage. Further, pursuant to MCL 552.17; MSA 25.97, the court also retains continuing authority to modify the provisions of a previously issued judgment of divorce. *San Joaquin County, California v Dewey,* 105 Mich App 122, 128; 306 NW2d 418 (1981). Due to the special nature of divorce cases, we believe that requests for modifications in divorce decrees and child custody disputes are best heard and decided by the court already familiar with the facts and special circumstances of each case. To the extent that MCL 722.27b; MSA 25.312(7b) requires a dif-

ferent court to hear a request for an order of visitation, we consider the statute to be unwisely written.

We conclude that the trial court ruled correctly in granting the defendant's motion for summary judgment, since no child custody dispute was pending before the court. We note, however, that pursuant to MCL 552.17; MSA 25.97, plaintiff might have been more successful had her daughter petitioned the Macomb County Circuit Court judge who presided over the divorce of the plaintiff's daughter and the defendant, or his successor, to modify the terms of the divorce judgment to authorize plaintiff to pick up the children in her daughter's place whenever the daughter was unable to exercise her visitation rights.

The next question presented is whether the trial court erred in granting costs and attorney fees to the defendant on the grounds that plaintiff's claim was "frivolous". Defendant's brief suggests that the trial court's actions were authorized by GCR 1963, 111.6, which provides:

"If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

However, as noted in the Court in *Minor v Michigan Education Ass'n,* 127 Mich App 196, 200; 338 NW2d 913 (1983), "[n]othing in GCR 1963, 111.6 confers any authority to award attorney fees or costs incurred in disputing an adverse party's position as to issues of *law"*, but rather applies

only to the steps taken by an opponent to establish disputed matters of fact. The *Minor* Court further stated that:

"We cannot condone the principle of allowing a trial court to apply GCR 1963, 111.6 to reimburse a party for time spent in disputing questions of law, no matter how improbable or novel the legal theory involved. Such an application not only contravenes the narrowly drawn language of GCR 1963, 111.6 as demonstrated *supra,* but more importantly carries with it the potential for deterring even good-faith litigants from seeking legitimate relief in the courts." 127 Mich App 200-201.

There can be no doubt that the case at hand involved a question of law, *i.e.,* plaintiff's contention that she is entitled to visitation rights under the terms of MCL 722.27b; MSA 25.312(7b). While we have concluded that plaintiff's contention lacks merit, it involved only a legal interpretation and did not involve unwarranted factual allegations. Therefore, defendant was not forced to prepare proofs to dispute any allegations of fact. GCR 1063, 111.6 does not confer authority to award attorney fees in such a case and thus the award of costs and fees must be reversed.

Affirmed in part; reversed in part. No costs to either party.