OLEPA v OLEPA

Docket No. 83394. Submitted January 8, 1986, at Detroit. Decided May 19, 1986.

Walter Olepa, the paternal grandfather of Karl Olepa, was given custody of Karl by the Wayne Circuit Court, because Richard L. Olepa, Karl's father, was an alcoholic at the time and because June A. Olepa, Karl's mother, was an unfit mother by her own admission. Richard and June Olepa were subsequently divorced. Richard obtained custody of Karl, after Richard had undergone extensive rehabilitation. Walter appealed from that order. The Court of Appeals affirmed the change of custody in an unpublished memorandum opinion. Walter then petitioned the circuit court for visitation. The circuit court granted limited visitation, but eventually entered an order denying Walter any visitation with his grandchild. On appeal, the Court of Appeals, in an unpublished memorandum opinion, affirmed the circuit court's denial. Walter then filed a motion in the circuit court seeking a modification of the divorce judgment to allow visitation and communication with his grandchild, Karl. Walter's request for an order of visitation was denied by the circuit court, Roland L. Olzark, J. Walter Olepa appealed. *Held:*

1. Under the provisions of the Child Custody Act regarding a grandparent's right to seek a visitation order where the grandparent is not a parent of a deceased parent of the child, a dispute over custody of the child is pending before a circuit court, for purposes of the act, if an action seeking annulment of a marriage, divorce, or legal separation has been filed. The circuit court retains continuing jurisdiction even after a divorce is final to ensure that parties comply with its orders. A child custody dispute remains pending, for purposes of the act, even after a divorce judgment has been entered. Therefore, Walter

REFERENCES

Am Jur 2d, Infants §§ 28 *et seq.*
Am Jur 2d, Parents and Child § 92.
Am Jur 2d, Statutes §§ 142 *et seq.*
Grandparents' visitation rights. 90 ALR3d 222.
See also the annotations in the ALR3d/4th Quick Index under Infants/Statutes.

Olepa had a right to file a motion for an order to show cause why he should not be granted a grandchild visitation order.

2. The circuit court did not hold an adequate hearing regarding Walter Olepa's request for a visitation order and also failed to state adequate reasons for its denial of the request. The court correctly noted at the hearing that the issue was whether visitation would be in the child's best interest. However, the court focused solely on what it perceived as problems with Walter's attitude and did not consider other factors which were relevant to a determination of whether visitation would be in the best interests of the child.

3. This visitation dispute did not involve an infringement of freedom of speech or of the press, or the right of the people peaceably to assemble.

4. If the child and his father, Karl and Richard Olepa, have moved to Illinois, the circuit court must consider the Uniform Child Custody Jurisdiction Act before it conducts any further proceedings.

Remanded for a proper hearing.

BEASLEY, J., concurred separately.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary rule of statutory construction is to ascertain and enforce the legislative intent in enacting the provision in question; if the language used in the provision is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary; however, if an ambiguity exists, it is the duty of a court to give effect to the intention of the Legislature by resolving the ambiguity, looking to the object of the statute, the evil or mischief which it is designed to remedy, and applying a reasonable construction which best accomplishes the statute's purpose.

2. INFANTS — VISITATION RIGHTS — GRANDPARENTS.

A grandparent who is not a parent of a deceased parent of his grandchild may seek a court order granting him the right to visit his grandchild, by motion for an order to show cause before the circuit court which granted a judgment of divorce to the grandchild's parents, only if a dispute over custody of the grandchild is pending in the circuit court; a dispute over custody of the grandchild is pending where an action seeking annulment of a marriage, divorce, or legal separation has been filed (MCL 722.27b[3]; MSA 25.312[7b][3]).

3. INFANTS — VISITATION RIGHTS — GRANDPARENTS.

A grandparent may not file more than once every two years, absent

a showing of good cause, a complaint or motion seeking a grandchild visitation order (MCL 722.27b[4]; MSA 25.312[7b][4]).

4. INFANTS — VISITATION RIGHTS — GRANDPARENTS.

A circuit court, where a grandparent has filed a complaint or motion seeking a grandchild visitation order and requested a hearing, must provide the grandparent and the party having legal custody of the grandchild an opportunity to be heard by conducting a hearing wherein they have the right to testify, to present relevant and material affidavits, and to argue in support of their positions; at the conclusion of the hearing, the court may enter a grandchild visitation order if it finds that it is in the grandchild's best interests to enter such an order (MCL 722.27b[3]; MSA 25.312[7b][3]).

Walter L. Olepa, *in propria persona*.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

T. M. BURNS, P.J. Walter Olepa is the grandfather of Karl Olepa. Karl was born in July, 1975, and was placed in his grandfather's care in May, 1976. Walter was given custody of the child because his son, Richard, was an alcoholic at the time and because the child's natural mother was an unfit mother by her own admission. Walter was appointed as guardian for the child in June, 1976. Except for a short period in 1978, the child remained in Walter's custody and care until late February or early March, 1982. Karl's parents were divorced in 1980. In 1982, after Richard had gone through extensive rehabilitation, Karl was returned to Richard's custody pursuant to a court order. Walter appealed the order granting a change of custody and eventually this Court affirmed the circuit court's decision in an unpublished memorandum opinion. (Docket No. 62950, decided July 8, 1983). In the meantime, Walter petitioned for visitation but was granted only limited visitation.

* Circuit judge, sitting on the Court of Appeals by assignment.

Eventually, on May 13, 1983, the circuit court entered an order denying Walter any visitation with the child. Walter appealed from that order and on June 29, 1984, this Court, in an unpublished memorandum opinion, affirmed the circuit court's decision noting that the trial court properly decided that Karl's best interests would be served by denying his grandfather visitation rights at that time (Docket No. 71646, decided June 29, 1984).

On November 20, 1984, Walter again filed a motion in the circuit court seeking modification of the divorce judgment to allow visitation and communication with his grandson. He also requested an evidentiary hearing in that regard. The circuit court denied his request for an evidentiary hearing and an order of visitation. Walter now appeals from the circuit court order in that regard. We remand for a hearing to be held pursuant to MCL 722.27b(3); MSA 25.312(7b)(3).

Our decision in this case is controlled by the provisions of the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* Section 7b, MCL 722.27b; MSA 25.312(7b), is the main provision of the act dealing with grandchild visitation.

I

Walter's main arguments in this case are based on § 7b of the act. Walter claims that § 7b entitles him to a hearing at which the court is to make specific findings of fact and conclusions of law. These claims are true only if Walter has the initial right under § 7b to seek an order of visitation from the circuit court.[1]

[1] The circuit judge did not explicitly say that Walter did not have the right to seek an order of visitation, but he did criticize Walter's use of the court system and he did indicate in a court order that Walter's request for a hearing was denied. Therefore, we feel that it

The circumstances under which an order of visitation is available to a grandparent are limited by subsections (1) and (2) of § 7b. Those subsections state in relevant part:

> (1) Except as provided in this subsection, a grandparent of the child may seek an order for visitation in the manner set forth in this section *only if a child custody dispute with respect to that child is pending before the court.* If a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for visitation. . . .
>
> (2) As used in this section, "child custody dispute" includes a proceeding in which any of the following occurs:
>
> (a) The marriage of the child's parents is declared invalid or is dissolved by the court, or a court enters a decree of legal separation with regard to the marriage.
>
> (b) Legal custody of the child is given to a party other than the child's parent, or the child is placed outside of and does not reside in the home of a parent, excluding any child who has been placed for adoption with other than a stepparent, or whose adoption by other than a stepparent has been legally finalized. [MCL 722.27b(1) and (2); MSA 25.312(7b)(1) and (2). Emphasis added.]

The first question in this case is whether a "child custody dispute" is "pending before the court." We hold that a "child custody dispute" is "pending" as those terms are used in the statute.

---

is appropriate for us to determine whether Walter has the right to seek an order from the circuit court.

Moreover, we would not remand to the circuit court for further proceedings if such proceedings were not required. Indeed, we will affirm a circuit court decision which reaches the right result for the wrong reason. Because *Attard v Adamczyk,* 141 Mich App 246; 367 NW2d 75 (1985), indicates that the rights provided by statute might not be available to Walter, it would be determinative of the outcome in this case. Therefore, in the interests of justice, we must address this issue.

The primary rule of statutory construction is to ascertain and enforce the legislative intent in enacting the provision. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 567; 331 NW2d 456 (1982); *Brown v Shell Oil Co,* 128 Mich App 111, 114; 339 NW2d 709 (1983). In construing a statute, a court must first consider the specific language of the statute itself in order to ascertain and declare the intention of the Legislature. *Bechtel Power Corp v Dep't of Treasury,* 128 Mich App 324, 329; 340 NW2d 297 (1983), lv den 419 Mich 870 (1984). If the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice and no interpretation is necessary. *Karl, supra; Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1, 8; 317 NW2d 529 (1982). However, if an ambiguity exists, it is the duty of this Court to give effect to the intention of the Legislature. *Pittsfield Twp v Saline,* 103 Mich App 99, 104; 302 NW2d 608 (1981). To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *Pittsfield Twp, supra,* pp 104-105. See also *Metropolitan Council No 23, AFSCME v Oakland County Prosecutor,* 409 Mich 299, 318-320; 294 NW2d 578 (1980).

We begin our analysis by focusing on the clear part of the statute. Subsection (1) begins with the phrase "Except as provided in this subsection." That subsection thereafter provides that a grandparent who is a parent of a deceased natural parent of a child may "commence an action" for visitation. Subsection (3) indicates where, and how, commencement of an action may be done: "A

grandparent seeking a grandchild visitation order may commence an action for grandchild visitation, by complaint or complaint and motion for an order to show cause, in the circuit court in the county in which the grandchild resides."

However, if the grandparent seeking visitation is not a parent of a deceased parent of the child, the grandparent may seek an order for visitation only if a child custody dispute is pending before a circuit court. Subsection (3) indicates how the grandparent is to seek such an order from that court: "If a child custody dispute is pending, the order shall be sought by motion for an order to show cause."

The question to be resolved in this case is whether a "child custody dispute" is "pending before the court." Our review of the statute leads us to the conclusion that the Legislature did not intend, by those phrases, to limit the time period during which a grandparent can seek a visitation order to a period which ends when a judgment is entered invalidating or dissolving a marriage or providing for a legal separation. Rather, the Legislature intended simply to require that an action seeking annulment, divorce, or legal separation actually be filed before a grandparent seeks a visitation order. Several considerations lead us to this conclusion.

First, the special nature of divorce cases should be kept in mind. A circuit court retains some control even after a divorce judgment is entered. The trial judge who presides over a divorce action retains continuing authority to oversee the parties' compliance with the terms of the divorce judgment and to modify a previously issued judgment. See, e.g., MCL 552.17; MSA 25.97 and MCL 552.17a; MSA 25.97(1).

Second, a "child custody dispute" is defined to

include the entire "proceeding" in which divorce judgments are entered.

Third, subsection (4) indicates that a grandparent may not file a motion seeking a visitation order "more than once every 2 years, absent a showing of good cause." This subsection would be mere surplusage if a grandparent were not allowed to file a motion after the initial divorce judgment had been entered. A statute should be construed so as to give effect to all its parts.

Fourth, MCL 722.26; MSA 25.312(6) states that the provisions of the Child Custody Act are equitable in nature and that they are to be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved. We will not construe the grandparent visitation provisions of the act so strictly that the object of the statute is destroyed.[2] The Legislature obviously intended to give grandparents a new right with some substance to it. However, the burden on the courts would be tremendous if any grandparent, regardless of the circumstances, could seek an order mandating visitation at any time. Thus, the Legislature has limited the circumstances in which this right is available. Apparently, the Legislature has decided that a grandparent should be allowed to seek visitation when a grandchild is officially no longer subject to the continual and uninterrupted custody of the

[2] Consider the situation where a grandparent believes and is assured that one of the child's parents will willingly provide adequate access to the grandchild and, therefore, seeks no order of visitation before the divorce judgment is entered. However, soon thereafter the parent realizes that his or her time to visit with the child is limited. We cannot believe that the Legislature intended to deny that grandparent the right to seek visitation if the child's parent, soon after judgment is entered, decides not to allow the grandparent to visit with the child during his or her own visitation time. Such a result would be inequitable and we will not interpret this statute in a manner which would allow this to happen when a more equitable interpretation is available.

parent who is the grandparent's child. This circumstance generally occurs if the parent who is the grandparent's child dies, if the parents of the grandchild are officially split apart, or if the child is officially placed in the custody of someone other than the parents. The object of the statute is advanced by interpreting it so that when any of these situations arises a grandparent may seek a visitation order. Once a grandparent is allowed to seek visitation, the only remaining limitation is that such visitation order may be sought only once every two years.

We note that one panel of this Court has already addressed this issue, although in a somewhat different context. In *Attard v Adamczyk,* 141 Mich App 246; 367 NW2d 75 (1985), a grandparent commenced a visitation action in Oakland County. However, her daughter was not deceased and her daughter's divorce had taken place in Macomb County. This Court in *Attard* held that the Oakland Circuit Court correctly granted summary judgment against the grandparent in favor of the child's father. However, the basis for the *Attard* Court's decision is somewhat unclear. After noting that the statute provides that a grandparent may seek an order of visitation "only if a child custody dispute with respect to that child is pending before the court," the *Attard* Court quoted the subsection (2) definitions of "child custody dispute." The Court then stated:

It should be obvious that neither of the definitions of a child custody dispute set out in the statute are applicable in the instant case. *Subsection (a) does not apply since the marriage of the plaintiff's daughter and defendant had been dissolved by the Macomb County Circuit Court as of September 27, 1976.* Further, the children's father

was given custody under the terms of the divorce judgment, thus rendering subsection (b) inapplicable. Since the language of the statute is clear and unambiguous, judicial construction is neither required nor permitted. *Perry v Sturdevant Mfg Co,* 124 Mich App 11, 15; 333 NW2d 366 (1983). The trial court correctly granted defendant's motion for summary judgment. [141 Mich App 249-250. Emphasis added.]

The Court apparently based its decision on the fact that a divorce had already been granted. There is a slight possibility that the Court based its decision on the fact that the *Macomb Circuit Court* had dissolved the marriage.

To the extent that *Attard* indicates that when a divorce judgment is entered a child custody dispute is no longer pending, we disagree with that opinion. We also disagree with certain statements on page 250 of *Attard,* made in connection with a matter "not necessary to the resolution of [that] case." Specifically, while subsection (3) of the statute requires that any grandparent who is allowed to commence an action do so, by complaint or complaint and motion, *in the circuit court in the county in which the grandchild resides,* subsection (3) indicates that when a child custody dispute is pending in a circuit court, the grandparent must seek a visitation order by way of a motion to show cause. Obviously, the only place for that motion to be filed is *in the circuit court in which the action is pending.* Thus, there is no violation of the traditional rule which grants to the trial judge who presided over a divorce action, or his successor, the continuing authority to oversee the parties' compliance with the terms of the divorce judgment. An action can be commenced in a court in another county only when one of the parents has died. Because of the death, the divorce action

will no longer be pending and the same judge need not deal with the case.

We do agree with the *Attard* opinion to the extent that it indicates that the grandparent therein should have filed her motion in Macomb County. That is where a child custody dispute with respect to the child was pending.

II

While subsection (1) of § 7b indicates that a grandparent of a child may seek an order for visitation if a child custody dispute with respect to that child is pending before the court, such an order for visitation must be sought in the manner set forth in the remainder of § 7b. Subsection (3) sets forth the main requirements in regard to the manner in which a grandchild visitation order may be acquired. That subsection states:

> A grandparent seeking a grandchild visitation order may commence an action for grandchild visitation, by complaint or complaint and motion for an order to show cause, in the circuit court in the county in which the grandchild resides. If a child custody dispute is pending, the order shall be sought by motion for an order to show cause. The complaint or motion shall be accompanied by an affidavit setting forth facts supporting the requested order. The grandparent shall give notice of the filing to each party who has legal custody of the grandchild. A party having legal custody may file an opposing affidavit. A hearing shall be held by the court on its own motion or if a party so requests. At the hearing, parties submitting affidavits shall be allowed an opportunity to be heard. At the conclusion of the hearing, if the court finds that it is in the best interests of the child to enter a grandchild visitation order, the court shall enter an order providing for reasonable visitation of the child by the grandparent by general or specific

terms and conditions. If a hearing is not held, the court shall enter a grandchild visitation order only upon a finding that visitation is in the best interest of the child. A grandchild visitation order shall not be entered for the parents of a putative father unless the father has acknowledged paternity in writing, has been adjudicated to be the father by a court of competent jurisdiction, or has contributed regularly to the support of the child or children. The court shall make a record of the reasons for a denial of a requested grandchild visitation order. [MCL 722.27b(3); MSA 25.312(7b)(3).]

Appellant filed his motion seeking a grandchild visitation order on November 20, 1984.[3] He also

---

[3] For future reference, we note that custody of the child in this case was given to Richard on March 8, 1982. The circuit court had the power to consider and provide for reasonable visitation to Walter at that time pursuant to MCL 722.27(b) and (g); MSA 25.312(7)(b) and (g). Moreover, under MCL 722.27b(7); MSA 25.312(7b)(7) the circuit court may enter an order modifying or terminating a grandchild visitation order whenever such a modification or termination is in the best interests of the child. However, a grandparent may not file a complaint or motion seeking a grandchild visitation order more than once every two years, absent a showing of good cause. MCL 722.27b(4); MSA 25.312(7b)(4). If he chooses, the grandparent may appeal from any order modifying or terminating a visitation order. He may include as grounds, if applicable, that the circuit court did not provide for "reasonable visitation" or that the court erred in determining that visitation was not in the best interests of the child, and we will review such claims under the standards set forth in MCL 722.28; MSA 25.312(8). However, he may not file any motion seeking changes in visitation until two years have passed since his previous motion was filed, in the absence of good cause. Apparently, several interim motions or "petitions" were filed in this case and were considered by the lower court. However, because of the apparent misconception of proper procedure by all below and because two years have elapsed since the initial visitation was sought, in the interests of justice we will consider appellant's November 20, 1984, motion to have been properly brought.

We also note that appellant should have sought a grandchild visitation order by filing *a motion for an order to show cause.* However, we can discern no prejudice which could result from mislabeling of this motion. In the absence of prejudice to any individual on remand, the circuit court shall treat defendant's November 20, 1984, motion as if properly labeled and filed.

We further note that MCL 722.27; MSA 25.312(7) simply provides the circuit court with certain powers. It does not provide an alternate

requested a hearing. Thus, pursuant to subsection (3), the circuit court was required to hold a hearing during which Walter was to be allowed an opportunity to be heard. In this context, the "opportunity to be heard" includes at least the right of parties to testify, to present relevant and material affidavits, and to argue in support of their positions. Because the court must enter an order providing for reasonable visitation only if it finds that it is in the best interests of the child to enter a grandchild visitation order, the evidence must relate to some factor listed in MCL 722.23; MSA 25.312(3). Under subsection (3) of § 7b the circuit court is required to make a record of the reasons for a denial of a requested grandchild visitation order. In a pure visitation dispute, the trial court need not make specific findings on each factor listed in MCL 722.23; MSA 25.312(3), but may focus solely on the contested issues. See *Petrey v Petrey,* 127 Mich App 577, 579; 339 NW2d 226 (1983). We remand this case because we are not convinced that the trial court held an adequate hearing and because the trial court failed to state adequate reasons for denial of the requested visitation order.

First, the record does not clearly indicate whether the February 22, 1985, hearing was intended to be the hearing which is contemplated by MCL 722.27b(3); MSA 25.312(7b)(3). The written court order indicated that the court denied the request for a hearing. This the court cannot do. A hearing is required by statute when requested by a party. Even if the court made only a clerical mistake by inserting an outright denial in its

means for a grandparent to seek a visitation order. Subsection (g) gives the court the power to consider visitation when there is a petition, i.e., a request, for it. However, a grandparent must request such visitation in accord with the other provisions of the act.

order, the court may also have erred by preventing . Walter from presenting evidence which was relevant and material to the decision of whether a visitation order would be in the child's best interests. While the court correctly noted that the real issue was whether visitation would be in the child's best interests, the court shifted the focus of the "hearing" solely to the issue of Walter's "attitude."

We note that the psychiatric evaluation of himself which Walter presented was relevant to the "best interest" factor (g), the mental health of a party involved. To an extent, the trial judge accepted the fact that it was relevant and also resolved this factor favorably to Walter by indicating that he was sure that the psychiatrist would indicate that Walter was not psychotic and that he was a "fine fellow and hale and hearty." The trial judge did, however, focus on and criticize what he perceived to be certain of Walter's attitudes as they specifically related to the case. The court stated that Walter had "some real problems in facing what [his] position is in this matter." The court also stated, "I'll tell you right off now that everything I got back from anybody that I could ever have any reliance on was that you were the problem and you never wanted to accept that." While we feel that many of a party's "attitudes" may be considered by a court in determining whether visitation with that party would be in the child's best interests, certain "attitudes" may not be considered and, certainly, none may not be considered to the exclusion of other relevant and material factors.

The trial judge referred to only a few facts which he felt indicated Walter's bad attitude. The judge criticized Walter's use of the legal system. At one point the judge stated, "I want you to get

out of this litigation frame of mind that you feel that everything can be settled in the courtroom and start thinking about your relationship with your son, your maker and your grandson." The judge told Walter that he thought that Walter was a tragic figure and that he was wasting the remaining years of his life in an endless bitter battle with his own family.

A trial court cannot deny a grandparent visitation on the ground that he avails himself of the benefits provided by the court system. The Child Custody Act gives him a right to file a motion seeking a grandchild visitation order once every two years. He is also allowed to oppose modifications or terminations of visitation orders.

Moreover, the grandparent cannot be denied visitation on the basis that the grandparent does not have a friendly relationship with the grandparent's own child. It is for precisely such situations that the provisions of the Child Custody Act dealing with grandparent visitation have been provided. It is when the grandparent-parent relationship is strained that the grandparent may need to resort to use of the legal system to guarantee visitation with his grandchild. A grandparent's status in such a situation is similar in many ways to that of the noncustodial parent in a divorce action. In many divorce cases, the relationship between the divorced parties is not good and, for that reason, the legal system must be used to obtain and enforce visitation rights.

Our review of the record reveals no specific findings on any material issue in regard to the best interests of the child, other than in regard to Walter's "attitude." This was error. The trial court must determine what the best interests of the child are. In doing so, it must consider the relevant factors. The trial court's reasons for denial of

the requested child visitation order in this case were inadequate.

### III

Walter has also claimed on appeal that a trial court order denying him visitation with his grandson would deprive him of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution and art 1, § 5 of the Michigan Constitution.

This visitation dispute does not, in any manner, involve a state infringement of freedom of speech or of the press, or the right of the people peaceably to assemble.

### IV

There is some indication in the record that the child and his father may have moved to Illinois. We merely note that, if this is true, it may be necessary for the trial court to consider the provisions of the Uniform Child Custody Jurisdiction Act, MCL 600.651 *et seq.;* MSA 27A.651 *et seq.,* before it conducts any further proceedings. See also *Bivins v Bivins,* 146 Mich App 223; 379 NW2d 431 (1985).

### CONCLUSION

In conclusion, we remand this case for reconsideration because the court denied the requested grandchild visitation order for improper reasons. On remand the court shall hold an appropriate hearing and shall make a determination based upon proper criteria. However, we in no way wish to imply that the trial court must order visitation on remand.

The case is remanded to the trial court for a hearing and for specific findings in regard to the best interests of the child.

Remanded.

R. M. Pajtas, J., concurred.

Beasley, J. *(concurring)*. I concur in the result because perhaps another hearing will result in Walter L. Olepa's listening and learning. Further, I believe Judge Olzark has been remarkably patient, sensitive, and practical in his handling of this case. His effort to communicate with respondent deserves commendation.