JEWETT v JEWETT

Docket No. 103298. Submitted July 14, 1988, at Grand Rapids. Decided October 17, 1988.

Laura Ann Jewett and Winn Jewett were divorced by order of the Newaygo Circuit Court and custody of their minor child was granted to Laura Ann Jewett, with Winn Jewett being granted visitation privileges. Winn Jewett moved in with his parents, Tommy R. and Carol A. Jewett, and the minor child visited in their home often, until Winn Jewett, a long-distance truck driver, had a change in his work schedule. Thereafter, Tommy and Carol Jewett had fewer opportunities to see the child because Laura Ann Jewett refused to allow the child to visit when Winn Jewett was away. Tommy and Carol Jewett filed a complaint against Laura Ann and Winn Jewett in Newaygo Circuit Court requesting grandparent visitation. The court, Terrence R. Thomas, J., dismissed the complaint, finding that no child custody dispute was pending before the circuit court after entry of the divorce judgment and therefore the grandparents were precluded from seeking an order of visitation after entry of the judgment. Plaintiffs appealed.

The Court of Appeals *held:*

1. A grandparent may seek an order for visitation only if a child custody dispute with respect to the child is pending before the court. Once an action for annulment, divorce, or legal separation is filed, a grandparent may seek a visitation order. Furthermore, once an action for annulment, divorce, or legal separation is filed, the entire proceeding remains under the jurisdiction of the circuit court for purposes of judgment enforcement or modification until the child reaches the age of majority. Therefore, unless one of the child's parents has died, the right to seek an order of grandparent visitation continues under the jurisdiction of the same court which issued the judgment of divorce, annulment, or legal separation, subject only to the statutory two-year filing requirement and the right

REFERENCES

Am Jur 2d, Divorce and Separation § 1002.

Grandparents' visitation rights. 90 ALR3d 222.

to oppose modifications or termination of visitation orders, until the child reaches the age of majority.

2. The matter is remanded to the circuit court for an evidentiary hearing in which the court must give plaintiffs an opportunity to be heard, must determine whether an order of visitation would be in the best interests of the child, and must make a record of any reasons for denying the request for a grandchild visitation order, including specific findings on the contested issues.

Reversed and remanded.

INFANTS — VISITATION RIGHTS — GRANDPARENTS.
  A grandparent who is not a parent of a deceased parent of his grandchild may seek a court order granting him the right to visit his grandchild at any time after an action for annulment, divorce, or legal separation has been filed by one of the child's parents, subject only to the statutory two-year filing requirement and the right to oppose modifications or termination of visitation orders, until the child reaches the age of majority (MCL 722.27b; MSA 25.312[7b]).

*Knudsen, Wasiura & Associates, P.C.* (by *Harry J. Knudsen*), for plaintiffs.

Before: WEAVER, P.J., and GILLIS and M. J. TALBOT,* JJ.

WEAVER, P.J. Plaintiffs appeal as of right from a circuit court order dismissing their complaint which had requested grandparent visitation. We reverse.

I

Pursuant to the custody arrangement determined by the divorce judgment of defendants Laura Ann Jewett and Winn Jewett, the minor child of the marriage frequently visited Winn Jewett at his residence in the home of plaintiffs, his parents. Plaintiffs had an opportunity to see

_____
* Recorder's Court judge, sitting on the Court of Appeals by assignment.

and interact with the child during these visits. Due to a change in Winn Jewett's work schedule as a long-distance truck driver, however, plaintiffs began enjoying fewer opportunities to see their grandchild because Laura Ann Jewett refused to allow the child to visit when Winn Jewett was away.

Plaintiffs sued to establish a visitation schedule with their grandchild which was not dependent upon Winn Jewett's schedule. The trial court dismissed the complaint. After rehearing, the trial court issued a written opinion again dismissing the complaint pursuant to *Attard v Adamczyk,* 141 Mich App 246; 367 NW2d 75 (1985), finding that no child custody dispute was pending before the circuit court after entry of the divorce judgment and that therefore the grandparents were precluded from seeking an order of visitation after entry of the judgment. Plaintiffs appeal as of right.

II

On appeal, plaintiffs argue that a child custody dispute was in fact still pending and hence the trial court had improperly dismissed their complaint. We agree.

We adopt the sound reasoning of *Olepa v Olepa,* 151 Mich App 690; 391 NW2d 446 (1986),[1] to interpret § 7b of the Child Custody Act of 1970, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* Section 7b(1) of the act, MCL 722.27b(1); MSA 25.312(7b)(1), provides that a grandparent may seek an order for visitation only if a child custody dispute with respect to the child is pending before the court. Section 7b(2) defines a "child custody

[1] Judge GILLIS is aware of the fact that he wrote *Attard* and he now confesses error and believes that the better reasoning is in the *Olepa* case.

dispute" to include a "proceeding" which involves annulment, divorce, or legal separation, or which involves giving legal custody to a party other than the child's parent under certain circumstances.

We find untenable the conclusion, apparently reached in *Attard, supra,* that a child custody dispute is no longer pending before the circuit court once a divorce judgment has been entered. Instead, we agree with the *Olepa* panel that the Legislature simply intended to require that an action for annulment, divorce, or legal separation actually be filed before permitting a grandparent to seek a visitation order. Once filed, however, the entire proceeding remains under the jurisdiction of the circuit court for purposes of judgment enforcement or modification until the child reaches the age of majority. See, e.g., MCL 552.17 and 552.17a; MSA 25.97 and 25.97(1).

MCL 722.27b(4); MSA 25.312(7b)(4) restricts the grandparent from seeking a visitation order more than once every two years absent a showing of good cause. MCL 722.26; MSA 25.312(6) requires that the equitable provisions of the Child Custody Act be liberally construed to promptly establish the rights of the child and the rights and duties of the parties. Therefore we can only conclude, as did the *Olepa* panel, that unless one of the child's parents has died, the right to seek an order of grandparent visitation continues under the jurisdiction of the same court which issued the judgment of divorce, annulment, or legal separation, subject only to the two-year filing requirement and the right to oppose modifications or termination of visitation orders. *Olepa, supra* at 696-700, 704.

In our judgment, it would defeat the intent of the Legislature and would also be inequitable to cut off a grandparent's right to seek visitation orders after a divorce judgment has been entered,

since visitation problems involving grandparents typically do not arise until after circumstances have changed subsequent to entry of the judgment.

We remand this matter to the circuit court for an evidentiary hearing to be conducted in compliance with MCL 722.27b(3); MSA 25.312(7b)(3), in which the court must give plaintiffs an opportunity to be heard, must determine whether an order of visitation would be in the best interests of the child, and must make a record of any reasons for denying the request for a grandchild visitation order, including specific findings on the contested issues. *Olepa, supra* at 702, 704.

Reversed and remanded. We do not retain jurisdiction.