BROWN v BROWN

Docket No. 129642. Submitted April 9, 1991, at Grand Rapids. De-
cided November 19, 1991, at 9:05 A.M.

Janet K. Brown was granted a divorce from David A. Brown in
the Berrien Circuit Court, and was awarded sole physical
custody of the parties' minor child, although the parties were
granted joint legal custody. Two years later, Kenneth and
Josephine Brown, the paternal grandparents, filed a petition,
seeking visitation rights. The court, John T. Hammond, J.,
denied visitation, holding that there was no longer a custody
dispute pending and, therefore, the court lacked jurisdiction to
hear the request. The petitioners appealed.

The Court of Appeals *held:*

A grandparent of a child may seek an order for visitation
only if a child custody dispute with respect to that child is
pending before the court. Once an action for annulment, di-
vorce, or legal separation is commenced and custody of a minor
child is involved, the circuit court retains jurisdiction for
purposes of enforcement or modification of the judgment until
the child reaches the age of majority. Thus, for purposes of
requests by grandparents for visitation, a child custody dispute
may be considered to be pending after a divorce judgment has
been entered.

Reversed and remanded.

*Tammy R. Evett,* for Janet Brown.

*Kosick & Rochau* (by *Peter H. Kosick*), for Ken-
neth and Josephine Brown.

Before: JANSEN, P.J., and MICHAEL J. KELLY and
BRENNAN, JJ.

PER CURIAM. On October 15, 1987, the trial
court entered a judgment of divorce providing that
plaintiff had sole physical custody of the parties'
daughter and that plaintiff and defendant had

joint legal custody. Two years later, petitioners, as paternal grandparents, filed a petition seeking visitation rights. On May 25, 1990, the circuit court entered an order denying the grandparents' request for visitation, holding that there was no longer a custody dispute pending and, therefore, the court was without jurisdiction to hear petitioners' request. Petitioners appeal as of right. We reverse.

MCL 722.27b(1); MSA 25.312(7b)(1) provides that a grandparent of a child may seek an order for visitation only if a child custody dispute with respect to that child is pending before the court. A child custody dispute includes a proceeding where the marriage of the child's parents is declared invalid or is dissolved by the court, or a court enters a decree of legal separation with regard to the marriage. MCL 722.27b(2); MSA 25.312(7b)(2).

The issue presented in the present case is whether the child custody dispute is considered to be still pending after the judgment of divorce is entered. We hold that it is. We agree with the reasoning in two decisions issued by panels of the Court of Appeals, *Jewett v Jewett,* 172 Mich App 391; 431 NW2d 523 (1988), and *Olepa v Olepa,* 151 Mich App 690; 391 NW2d 446 (1986). Both panels held that a child custody dispute is still pending for the purposes of requests for grandparents' visitation after a divorce judgment has been entered. *Jewett, supra* at 394, *Olepa, supra* at 696-697. The legislative intent behind § 7b was to require that an action for annulment, divorce, or legal separation be filed before a grandparent could seek visitation. However, once the action is commenced, the circuit court retains jurisdiction for purposes of enforcement or modification of the judgment until the child reaches the age of majority. *Jewett, supra; Olepa, supra.*

We note that another panel of this Court reached a different conclusion in *Attard v Adamczyk,* 141 Mich App 246; 367 NW2d 75 (1985), apparently premising its decision on the fact that a divorce had already been granted and the notion that a child custody dispute is no longer pending after a divorce judgment is entered. To the extent that our opinion is in conflict with *Attard,* we disagree with the *Attard* opinion. To this extent, our opinion resolves a prior conflict within the Court of Appeals and becomes the controlling law regarding this issue under Administrative Order No. 1990-6, 436 Mich lxxxiv.

Reversed and remanded. We do not retain jurisdiction.